**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 23, 2009

Charles R. Fulbruge III
Clerk

No. 08-30755
Summary Calendar

SAMUEL TYRONE JEFFERS

Plaintiff-Appellant

v.

MAI TRAN, Camp J Doctor

Defendant-Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:07-CV-329

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Samuel Tyrone Jeffers, Louisiana prisoner # 127810, filed a 42 U.S.C. § 1983 complaint against Dr. Mai Tran and others alleging that Dr. Tran acted with deliberate indifference and retaliated against him by withholding medical treatment for his filing grievances against her. The other defendants were dismissed from the suit. The district court granted Dr. Tran's motion for summary judgment and denied Jeffers's motion for leave to proceed in forma pauperis (IFP) on appeal, certifying that the appeal was not taken in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

good faith. Jeffers seeks leave from this court to proceed IFP so that he may challenge the summary judgment in favor of Dr. Tran. By doing so, he challenges the district court's certification. *See Baugh v. Taylor*, 117 F.3d 197, 203 (5th Cir. 1997). The medical records and Dr. Tran's affidavit demonstrate that Dr. Tran consistently provided treatment to Jeffers for his various complaints of foot and toe pain, hearing and ear problems, and allergies, and that she did so both before and after he filed the two Administrative Remedy Procedure complaints that are in the record. Jeffers failed to submit any competent summary judgment evidence showing a denial of treatment or other conduct rising to the level of deliberate indifference with respect to medical care. *See Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001). Similarly, there is no evidence or chronology from which to infer that Dr. Tran refused treatment as a retaliatory measure. *See Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). Jeffers' uncorroborated assertions are insufficient to defeat summary judgment. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

As it is plain that any appeal would be frivolous, *see Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983), we dismiss the instant appeal sua sponte. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Jeffers is cautioned that if he accumulates three strikes, he will not be permitted to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED; IFP MOTION DENIED; SANCTION WARNING ISSUED.